IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

NATHAN D. ROGERS, Register No. 1058060,  )
                                          )
            Plaintiff,                    )
                                          )
     v.                                   )   No. 06-4124-CV-C-SOW
                                          )
MIKE KEMNA, et al.,                       )
                                          )
            Defendants.                   )

**REPORT, RECOMMENDATION AND ORDER**

  Plaintiff Nathan Rogers, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

  Defendants and plaintiff have filed motions for summary judgment and each have filed their respective responses and replies.

**Summary Judgment Standard**

  Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

  Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff is incarcerated in the administrative segregation unit of a Level 5 institution, Jefferson City Correctional Center (hereinafter "JCCC"). Plaintiff complains his rights under the First, Eighth and Fourteenth Amendments have been violated by JCCC policy and the actions of defendants. Plaintiff complains his First Amendment rights have been violated by the denial of books, and his Eight Amendment rights violated because the denial has caused him to suffer sensory deprivation. Plaintiff complains his Fourteenth Amendment rights were violated when he was denied equal protection. Plaintiff complains defendants did not follow their own policy and procedure and allowed other inmates to obtain books contrary to policy.

**First Amendment Claims**

JCCC policy requires inmates wishing to obtain personal property, to be held by them in the prison, to purchase such property from the prison canteen or from approved commercial vendors. Missouri Department of Corrections Institutional Services Policy and Procedure Manual, IS22-1.2 (III)(F)(2) Offender Property Control Procedures (June 1, 2006). Purchased personal property must be ordered and paid for by the offender via a request for withdrawal from his prison account, and cannot be purchased by family and friends. Id.

Prison regulations are permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to such objectives. Beard v. Banks, ___ U.S. ___, ___, 126 S. Ct. 2572, 2578 (2006). Substantial deference is to be given to the professional judgment of prison administrators. Id. The factors to be considered in determining the reasonableness of a prison regulation are set forth by Turner v. Safley, 482 U.S. 78, 89-90 (1987). First, is there a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it? Id. Second, are there alternative means of exercising the right that remain open to inmates? Id. Third, what will be the impact of

2

accommodating the fundamental right on guards and other inmates and on the allocation of prison resources generally?  Id.  Fourth, are there ready alternatives available for furthering the governmental interest?  Id.

The justification set forth by prison officials at JCCC provides that without the policy, prison officials could not limit the amount of personal property, in this case specifically books, sent to an offender because the prison cannot control the actions of outside persons and entities.  Without the policy, it would be exceedingly difficult to monitor the books in prisoners' possession.  Defendants set forth evidence that limiting the number of books held by prisoners is necessary to ensure safety and security in the prison.  The affidavit of Arthur Wood, the Associate Superintendent of Offender Management at JCCC, states that limits on the amount of books and other personal property an inmate has in his cell are specifically used to limit an inmate's ability to hide contraband within his cell, to prevent the cell from becoming a fire hazard, and for many other safety concerns.  This court is required to give substantial deference to the professional judgment of prison administrators such as Mr. Wood.  Further, common sense tells that these issues are legitimate security and safety concerns within a prison.  The first Turner factor is met.

As to the second factor, prison officials have set forth several alternative means available for plaintiff to obtain reading material, if he is unable to do so from his inmate prison account.  JCCC prison policy and affidavits of prison officials show that plaintiff can have family or friends send him gift subscriptions to newspapers and magazines (which are excepted from the restrictions placed on books and other personal property), and that plaintiff has access to reading materials from the prison library.  Plaintiff's statements that he has been denied full access to the prison library, and has been required to select only books offered off the library cart available in administrative segregation, do not counter the facts that show plaintiff has access to alternative reading materials.

As to the third factor, Mr. Wood's affidavit indicates that were prison authorities to seek to accommodate the rights asserted by plaintiff, the resulting impact would be negative.  Prison officials assert they would be unable to efficiently manage books sent from outside sources to prisoners, or the number of books a prisoner has in his possession, thereby resulting in the cited safety and security concerns for the prison, such as fire and increased potential for contraband.

The affidavit provides the importance of prison officials being able to manage and control inmate personal property and the related procedures. Similarly related is the fourth factor of whether an alternative method could fully accommodate plaintiff's rights at a de minimus cost to the valid penological objectives of safety and security. Plaintiff fails to point to any alternative method.

Based on the material presented, this court finds there to be no dispute as to any facts material to the determination of the reasonableness of the prison policy at issue. The disputed matters raised by plaintiff regard professional judgment and not disputed facts. The undisputed facts fulfill the Turner factors; thus, no constitutional violation could be found by a reasonable juror. See Beard, 126 S. Ct. at 2572 (holding policy of Pennsylvania Department of Corrections restricting access to newspapers, magazines, and photographs by inmates placed in most restrictive level of prison's segregation unit was not a violation of the First Amendment); Wardell v. Duncan, 470 F.3d 954 (10th Cir. 2006) (summary judgment granted in favor of prison officials regarding First Amendment challenge to prison policy requiring prisoners to purchase all hobby materials, legal materials, books and magazines from their prison accounts and prohibiting gifts to prisoners of such materials).

**Eighth Amendment Claims**

Plaintiff asserts that JCCC policy restricting access to books and the actions of defendants caused him to suffer from sensory deprivation in administrative segregation, in violation of his constitutional rights. The conditions under which an inmate is confined are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, a prison official must have a sufficiently culpable state of mind, such that they were subjectively deliberately indifferent to the prisoner's health or safety. Id.; see also Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter and medical care. Id. at 832. However, the

4

Constitution does not mandate comfortable prisons.  Id.  Conditions of confinement claims are viable when a prisoner is confined in conditions which pose a substantial risk of serious harm or is being denied the minimal civilized measure of life's necessities.  Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998).

Plaintiff's deposition and prison records show he received reading materials while in administrative segregation.  Plaintiff received books from the administrative segregation library cart, and was able to receive newspaper and magazine subscriptions as gifts from family and friends.  Plaintiff's assertions that he was denied the specific books he requested from the library, and that the books he received weren't to his liking or were missing some of their pages, fail to support claims that he was denied the basic necessities of life, or that the denial was "sufficiently serious."  Therefore, the first requirement for an Eighth Amendment claim challenging an inmate's conditions of confinement is not met, and the second factor is moot.  No reasonable juror could find that plaintiff's conditions of confinement violated his constitutional rights under the Eighth Amendment.

**Fourteenth Amendment Equal Protection and Due Process Claims**

To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, Alcala v. Burns, 545 F.2d 1101 (8th Cir. 1976).  Where there is no "suspect classification" involved, such as race, and no question of fundamental rights, the courts will uphold the state action or legislation, if it is rationally related to a "legitimate state purpose."  Casbah, Inc. v. Thone, 651 F.2d 551 (8th Cir. 1981).  The standard of review is a question of law.  Prison inmates do not constitute a suspect class.  More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class); Fuller v. Lane, 686 F. Supp. 686 (C.D. Ill. 1988).

Here, even if the restrictions regarding obtaining books while in administrative segregation were not equally applied to all the inmates in the administrative segregation unit, as plaintiff asserts, these actions, although appearing improper, do not support a claim of denial of equal protection.  Plaintiff has no evidence he was discriminated against because he is a part of a suspect class.  Plaintiff also fails to provide evidence that restrictions on his obtaining the books

5

he wants in the manner he wants rises to the level of denial of a fundamental right under the Constitution. Further, any alleged denial of a fundamental right is contradicted by the alternatives available to plaintiff in accessing reading materials, as are cited in this case. Moreover, as discussed previously in this order, the restriction on obtaining books is rationally related to prison safety and security concerns. There is no evidence to support a finding that plaintiff's equal protection rights under the Fourteenth Amendment were violated.

Finally, to the extent plaintiff provides evidence that indicates defendants did not follow their own policy when they allegedly allowed other inmates to receive books, such evidence does not support a Fourteenth Amendment due process claim. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). Plaintiff has no liberty interest in defendants following prison policy or procedure, and therefore, has no Fourteenth Amendment due process claim. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements.")).

## Conclusion

There is no dispute of material fact in this case. Plaintiff has failed to come forward with evidence to support his claims that his constitutional rights were violated when his access to books in administrative segregation was restricted. Defendants are, therefore, entitled to judgment as a matter of law.

In response to plaintiff's letter requesting copies, plaintiff is advised that he may obtain copies by requesting such documents from the Clerk's Office at the current rate of ten cents per page for documents which are filed in electronic form or fifty cents per page for documents maintained in paper form only. Most documents are in electronic form. The cost of copies must be paid in advance and submitted with the request.

IT IS, THEREFORE, ORDERED that the Clerk of Court send to plaintiff a copy of the docket sheet in this case. [58] It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [48] It is further

RECOMMENDED that plaintiff's motion for summary judgment be denied. [42]

6

Case 2:06-cv-04124-SOW   Document 63   Filed 02/06/08   Page 6 of 7

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 6th day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge